*ENOCH WOODBRIDGE, Chief Judge.*
*NOAH SMITH, Assistant Judge.*

———※❀※———

JOHN LAZELL, Appellee,

*against*

PINNICK and MATSON,
Administrators on the estate of DANIEL GILMAN,
deceased, intestate.

THIS was an action of assumpsit to recover the amount of a certain execution and extra costs.

General issue pleaded, and trial by the Jury.

*Jacob Smith,* for the plaintiff, stated, that *Gilbert* and *Root* were prisoners for debt in *Orange* County

> The administrator on the estate of an insane intestate may shew his insanity in evidence in avoidance of his contract.

gaol; that during their close confinement they produced a memorandum in writing signed by the intestate *Daniel Gilman*, by which he promised to indemnify any person who would become bail for these prisoners for the liberties of the gaol yard; that relying upon the promise in the memorandum, the plaintiff executed the bail-bond; *Gilbert* and *Root* departed the liberties of the prison; suit was commenced on the bail-bond, judgment rendered and execution issued against the plaintiff, which he had satisfied at great cost and expense.

*Daniel Buck*, for the administrator, conceded a regular judgment against *Gilbert* and *Root*, and that they were prisoners legally committed to the *Orange* County gaol; that the memorandum was signed by *Gilman*, had been exhibited by the prisoners to *Lazell*, the plaintiff; that the plaintiff had become bail for *Gilbert* and *Root*, for the liberties of the prison; that the prisoners had departed the liberties, the bail-bond had been prosecuted, and that the plaintiff had satisfied the judgment. But he stated, that at the time of making the memorandum, *Gilbert*, the intestate, was *non compos*, and offered to produce witnesses to prove it.

*Charles Marsh*, for the plaintiff, objected to the admission of the witnesses, insisting that by law no man was allowed to stultify himself, and read *Powell on Contracts*, pages 14. and 17. and said he saw no distinction between a person's being disallowed to stultify himself, and his administrators being estopped. He observed, that the law had not pointed out

the degree of insanity, and argued the injury that would arise from a person's possessing the power to stultify himself, or anticipating that his heir or administrator may have the power to avoid his contracts. The admission of evidence to shew the insanity of the intestate, would operate with peculiar severity upon his client; for admitting the insanity of *Gilman*, it had not been even suggested that the plaintiff was privy to it, or *particeps* in any imposition upon the intestate.

*Buck* cited *Blackstone's Commentaries, Bell's Philadelphia* edition, 1771, vol. 2. p. 291, 292. by which he said it appeared, that although the doctrine, that a man shall not be allowed to stultify himself, is recognised as anciently holden, yet it was allowed to be founded on " loose authorities ;" and although it had been handed down as settled law from the time of *Henry* VI. yet " later opinions, feeling the inconvenience, have in many points endeavoured to restrain it." But Judge *Blackstone* says, that " *clearly* the next heir or other person interested, may, after the death of the idiot or *non compos*, take advantage of his incapacity, and avoid the grant."

He also proceeded to read sundry passages from *Powell on Contracts*, observing that his opponent had garbled the text; but was interrupted by

The Chief Justice.  Too much time should not be consumed by counsel in arguing points so clear and so repeatedly decided.  It has been ruled by this Court, that even where a person was made drunken, and enticed to sign a promissory note, he was after-

wards permitted to give evidence of the fact, and thus avoided it. The *English* authorities go no further than to estop a person from stultifying *himself*. The rule is never extended to the heirs, executors or administrators.

SMITH, Judge, concurred in opinion with the Chief Judge; and witnesses to prove the insanity of the intestate at the time of signing the memorandum, were admitted.

Verdict for the defendant.

*Charles Marsh*, for the plaintiff.
*Daniel Buck*, for the defendant.